IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MASONITE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| JELD-WEN INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Masonite Corporation ("Masonite"), for its Complaint against Defendant JELD-WEN Inc. ("JELD-WEN"), hereby alleges as follows:

### Parties

1. Plaintiff Masonite is a corporation of the State of Delaware and has its principal place of business at 1 North Dale Mabry Highway, Suite 950, Tampa, Florida 33609.

2. Upon information and belief, defendant JELD-WEN is a corporation organized under the laws of Oregon having an address of 3303 Lakeport Boulevard, Klamath Falls, Oregon 97601.

3. JELD-WEN makes, uses, sells, and offers for sale in the United States interior doors (including molded wood fiber interior doors), exterior doors, windows, patio doors, and garage doors.

### Nature of the Action

4. This is a civil action for the infringement of United States Patent No. 5,344,484, attached hereto as Exhibit A. This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over JELD-WEN by virtue of, *inter alia*, JELD-WEN's systematic and continuous contacts with Delaware, including, on information and belief, sales of interior doors (including molded wood fiber interior doors), exterior doors, windows, patio doors, and/or garage doors to Delaware corporate citizens, and service of the Delaware market through the intended, regular, and anticipated flow of such products from manufacture to distribution to retail sale in Delaware

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### The Patent-in Suit

8. On September 6, 1994, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,344,484, titled "Isocyanate Bonded Wood Composite And Method Of Manufacturing The Same," to John P. Walsh (the "Walsh '484 Patent"). The Walsh '484 Patent is in force. Masonite is the assignee, and has the right to sue for infringement, of the Walsh '484 Patent.

### CLAIM
### (Infringement of United States Patent No. 5,344,484)

9. Paragraphs 1 through 8 are incorporated by reference as if stated fully herein.

10. JELD-WEN has infringed at least one claim of the Walsh '484 Patent by making, using, selling, and offering to sell wood composite products, including doorskins and/or doors, in the United States.

11. JELD-WEN also contributed to and/or induced the infringement of at least one claim of the Walsh '484 Patent.

12. Upon information and belief, JELD-WEN's infringement of the Walsh '484 Patent has been willful.

13. Masonite has been damaged by JELD-WEN's infringement of the Walsh '484 Patent.

14. Masonite will be irreparably harmed unless and until this Court enjoins JELD-WEN's infringement of the Walsh '484 Patent.

### Prayer for Relief

**WHEREFORE**, Masonite prays for judgment as follows:

A. That JELD-WEN has infringed the Walsh '484 Patent;

B. That JELD-WEN, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from infringement, inducement of infringement, and contributory infringement of the Walsh '484 Patent, before the expiration date of that patent;

C. That JELD-WEN's infringement has been willful;

D. That Masonite be awarded damages adequate to compensate it for JELD-WEN's infringement of the Walsh '484 Patent, such damages to be determined by a jury and, if necessary to adequately compensate Masonite for the infringement, an accounting, and that such damages be trebled and awarded to Masonite with prejudgment interest;

E. That this case is exceptional under 35 U.S.C. § 285;

F. That Masonite be awarded the attorney fees, costs and expenses that it incurs prosecuting this action; and

G. That Masonite be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Masonite demands a trial by jury on all issues triable of right by a jury.

MORRIS, NICHOLS, ARSHT, & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 351-9291
jblumenfeld@mnat.com
*Attorney for Masonite Corporation*

*Of Counsel*

Gregory S. Arovas
Michael P. Stadnick
William C. Mercer
Jonas R. McDavit
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY  10022
(212) 446-4800

March 4, 2009